**In re ALAMANCE KNIT FABRICS, INC., Debtor.**

**Alexis M. Herman, Secretary of Labor, United States Department of Labor, Plaintiff–Appellant,**

**v.**

**William O. Moseley, Jr., Trustee for Alamance Knit Fabrics, Inc., Defendant–Appellee.**

Bankruptcy No. B–96–13527 C–7G.
Adversary No. A–97–2043.
No. 1:99CV00044.

United States District Court, M.D. North Carolina.

Nov. 17, 1999.

Stanley E. Keen, U.S. Dept. of Labor, Office of the Solicitor, Atlanta, GA, for Dept. of Labor, Sec. of, Alexis M. Herman.

William O. Moseley, Jr., Johnson, Tanner, Cooke, Younce & Moseley, Greensboro, NC, for William O. Moseley, Jr., Trustee in Bankruptcy for Alamance Knit Fabrics, Inc.

## MEMORANDUM OPINION

OSTEEN, District Judge.

### Introduction

The matter before the court is the Secretary of Labor's appeal from an order of the United States Bankruptcy Court denying her motion for summary judgment. This court's jurisdiction to review orders of the Bankruptcy Court is derived from 28 U.S.C. § 158(a). Both parties presented oral arguments in this court on October 22, 1999. For the reasons explained below, the court will affirm the Bankruptcy Court's denial of summary judgment.

### Facts

Debtor Alamance Knit Fabrics, Inc. (AKF) established a fully insured, ERISA-covered health plan for the benefit of its employees. AKF similarly established an employee retirement savings plan. Both plans were financed by employee withholdings and AKF's own contributions. AKF failed to remit employee contributions to either plan's insurer from May 1996 to September 10, 1996, when AKF filed for bankruptcy relief. The Bankruptcy Court found that AKF withheld a total of $65,573.58 from its employees for these plans during the months preceding this suit. AKF had cash holdings of approximately $63,000 in a general account and less than $1,000 in its payroll account at the time of its petition. Plaintiff asserts that the unremitted funds were commingled with these and other general assets of the corporation and are being wrongfully held by the Defendant bankruptcy trustee within the bankruptcy estate.

### The Bankruptcy Court's Decision

■ The Bankruptcy Court held that Plaintiff failed to satisfy the tracing of funds requirement established in *In re Dameron*, 155 F.3d 718 (4th Cir.1998). Plaintiff therefore could not show that Defendant trustee ever received a res of trust funds. (Bankr.Op. at 12). The existence and location of a res constituted a disputed material fact sufficient to deny summary judgment. *Id.* The Bankruptcy Court's findings of fact are reviewed under a clearly erroneous standard, and its conclusions of law are reviewed *de novo.* Fed. R. Bankr.P. 8013; *In re Bryson Properties, XVIII*, 961 F.2d 496 (4th Cir.1992).

### Government's Argument

Plaintiff appeals the Bankruptcy Court's decision, arguing that tracing of funds in this case is "inappropriately onerous." [1]

---

1. Plaintiff concedes that it has produced no evidence of where the withheld funds can now be found. "The Secretary admits that she has not produced evidence of, in the words of the Bankruptcy Court, 'which account received the withheld funds,' or 'the lowest intermediate balances in either account between the time the funds were with-

(Secty.'s Br. at 16). Plaintiff maintains that the withheld wages are not the subject of a common law trust but rather an express statutory trust under ERISA. (Secty.'s Br. at 16–17.) Express statutory trust funds are not fully countenanced by traditional trust law because they are congressionally endowed. Indeed, Plaintiff cites *In re College Bound,* 172 B.R. 399 (Bankr.S.D.Fla.1994), as authority for the proposition that the funds of an express statutory trust need not be traced at all.[2]

Plaintiff ultimately argues that the funds of an express statutory trust can be recovered from the general assets of the employer, not merely available bank accounts. The end result in this case would be that withheld wages could be recovered without reference to AKF's actual disposition of that money.

### Trustee's Argument

Defendant rejects Plaintiff's assertion of an express statutory trust for employee withholdings in AKF's general assets. (Br. Def. at 4.) Defendant accurately points out that *College Bound* was a significantly different case than the one at bar. There the disputed funds were actually segregated from the debtor's general assets before the bankruptcy petition was filed. No such segregation ever took place in the case at bar. Furthermore, the *College Bound* court carefully noted that the disputed funds would be deemed trust funds "[a]s long as the Debtor had funds in excess of the employee withholdings . . . ." 172 B.R. at 403. AKF, in contrast, depleted its cash accounts beyond this level. Mindful of these distinctions, the court takes no quarter in the provisions of *College Bound.*

### Discussion

Defendant urges the court to follow *Dameron,* which holds that a party claiming entitlement to an express trust must be able to trace the assets into specific property. Certainly *Dameron* supports the first element of Plaintiff's argument: bankruptcy estates should not contain funds entrusted to others. 155 F.3d at 721. However, *Dameron* also requires that Plaintiff identify a res of funds by identifying where the entrusted funds are today. *Id.* at 723.

*Dameron* remains the controlling authority of this Circuit. The Bankruptcy Court was correct to rely upon *Dameron* and to hold that where trust funds are commingled, claimants of those funds must identify the trust property by tracing. This is squarely consistent with *Dameron.* See *id.*

Whether the funds Plaintiff seeks are held within a constructive trust or an express statutory trust, a successful claim upon those funds in this Circuit requires the identification of a res. Although Plaintiff submits a number of cogent arguments from other courts, they do not control the case at bar. The court is sympathetic to Plaintiff's existentialist dilemma: if an employer does not set aside wage withholdings immediately, do they exist at all? The "constructive trust" operates under the assumption that the question has been answered affirmatively. Yet constructive trust claimants must then prove their money begat some other property which in turn begat some asset. Alternatively, a fund's genesis could be an express statutory provision. Even these chosen funds, however, can only be set free once a claimant successfully parts a sea of financial tables.[3]

---

held and filing of the Chapter 11 case and thereafter until the case was converted and the funds transferred to the trustee.' " (Secty.'s Br. at 6.)

**2.** Among other things, the *College Bound* court held that "[s]ince the funds are deemed to be assets of the Plan under an express

statutory trust, the tracing requirement does not apply." *In re College Bound,* 172 B.R. 399, 403 (Bankr.S.D.Fla.1994).

**3.** Justice Scalia has also described the importance of identifying a res, even in cases involving express statutory trusts: "[a] trust without a res can no more be created by

The Supreme Court is aware of the problems involved in tracing express statutory trust funds.[4] In *Begier v. I.R.S.*, 496 U.S. 53, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990), the Court identified an express statutory trust fund but offered little guidance as to how its constituent funds would be identified. The Court could only suggest that lower courts tracing such funds employ "reasonable assumptions" as to the migrations of the res. *Id.* at 67, 110 S.Ct. 2258.

A number of courts have used the uncertainty of *Begier* as an opportunity to severely limit the impact of its holding. *See, e.g., In re Hamilton Taft & Co.*, 53 F.3d 285 (9th Cir.1995). However, this court believes that at least one of *Begier's* principles remains viable and applicable here: claimants to express trust funds must somehow identify the current location of the res. Considering this point in light of *Dameron*, res identification is best accomplished by submitting evidence which enables the court to trace misappropriated funds.

Plaintiff's failure to trace the funds she seeks leaves an essential element of her case unproven. A party seeking summary judgment has the burden to show that there is no remaining issue of material fact and that she is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The denial of summary judgment was therefore appropriate in this case.

### Conclusion

The Bankruptcy Court's denial of Plaintiff's motion for summary judgment shall be affirmed. An order consistent with this memorandum opinion shall be filed contemporaneously herewith.

legislative decree than can a pink rock-candy mountain." *Begier v. I.R.S.*, 496 U.S. 53, 70, 110 S.Ct. 2258, 2269, 110 L.Ed.2d 46 (1990) (Scalia J., concurring).

4. As Justice Scalia hypothesized in concurrence, "[w]hen I pay a worker $90 there is no clearly identifiable locus of the $10 in withheld taxes that I do *not* pay him. Indeed, if my total assets at the time of the payment are $90 there is no conceivable locus." *Id.* at 71, 110 S.Ct. at 2269.